**C. B. BOYETT, Appellant,**

v.

**SOUTH OAK CLIFF STATE BANK, Appellee.**

No. 17423.

Court of Civil Appeals of Texas, Dallas.

March 27, 1970.

Jerry L. Jamieson, Sleeper, Boynton, Burleson, Williams & Johnston, Waco, for appellant.

Frank L. Skillern, Jr., Strasburger, Price, Kelton Martin & Unis, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

South Oak Cliff State Bank, as successor and assignee of National Bank of Oak Cliff, brought this action against C. B. Boyett to recover the unpaid balance due on a certain promissory note executed by Boyett, and for foreclosure of a chattel mortgage lien on a Ford automobile which was given to secure the payment of said note. Boyett makes no contention concerning the execution and delivery of the note, or the nonpayment thereof, but claims he was entitled to certain offsets and credits relating to insurance policy premiums. The bank conceded that it was not entitled to recover for certain premiums charged Boyett for credit insurance but denied the validity of further offsets and credits.

The trial court sustained the bank's motion for summary judgment and rendered judgment against Boyett for the unpaid balance of the note, interest and attorney's fees, and decreed foreclosure of the lien on the automobile, ordering same to be sold and the proceeds applied to the amount of the judgment rendered.

Boyett's only point of error on appeal is that the trial court should not have rendered summary judgment against him because material issues of fact existed regarding his right to credits and offsets for certain insurance premiums charged to him for automobile insurance which was not actually issued by the insurance company over a specified period during the life of the note.

We have carefully reviewed this record and find that there are really no disputed issues of fact. Boyett wanted to purchase an automobile and made arrangements with National Bank of Oak Cliff to finance same. This was done by the bank paying for the automobile and requiring Boyett to sign the promissory note payable to the bank which included not only the cost of the automobile, and interest, but other charges agreed upon including premiums for collision, comprehensive and liability insurance covering the automobile during the term of the loan agreement.

The record is clear that the bank made arrangements with the Key Insurance Agency of Dallas to provide for the insurance coverage agreed upon and paid the insurance agency the sum of $614.25 for premiums for the policies, such amount being included in the principal sum of the note. No contention is made that Key Insurance Agency is other than a reputable concern or that the bank failed to exercise due care in the selection of the agency to provide the necessary insurance coverage. The record is undisputed that Key Insurance Agency did secure the issuance of several policies of insurance covering the automobile in question. The insurance agency later refunded $84.50 of the total amount paid it for premiums, same being an overcharge, and such amount was duly credited appellant. It is true that the record reveals that the insurance agency failed to provide coverage for several months' time but during that period no loss occurred to appellant so he has sustained no damages and makes no claim for same. From appellant's brief it would appear that the only possible claim for offset credit would be the sum of $165 which represents premiums charged on a policy described as an "errors and omissions" policy issued to Key Insurance Agency by United States Fire Insurance Company with effective dates from November 18, 1966 to July 19, 1967. The record reveals that this policy was issued through an error of the insurance agency but that during such period of time appellant was afforded coverage for any loss by virtue of the very policy that had been issued. Accordingly, appellant, during the questioned time, sustained no loss or damage, asserted no claims for losses, and was afforded coverage for possible losses. Moreover, any possible claim that appellant may have for the sum of $165 would be against the Key Insurance Agency, not a party to this litigation, and not against appellee.

Our review of this record, made in conformity with the rules of judicial review of summary judgments, convinces us that there were no issues of fact to be decided by the court and that appellee was entitled to judgment, as a matter of law. Rule 166–A, Vernon's Texas Rules of Civil Procedure; Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965).

The judgment of the trial court is affirmed.